IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MIRNA MCAULIFFE and THOMAS MCAULIFFE, Individually and as Co-Personal Representatives of the Estate of Ryan McAuliffe, deceased, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| ROBINSON HELICOPTER COMPANY, INC.; NOVICTOR AVIATION, LLC, doing business as Novictor Helicopters, also known as Rainbow Helicopters; UNITED HELICOPTER LEASING, LLC; THERESITA TERRY BERRIDGE, as Personal Representative of the Estate of Joseph Gilbert Edward Berridge; UNITED STATES OF AMERICA; DOE DEFENDANTS 1-10, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Civ. No. 21-00193 HG-WRP

**ORDER DENYING DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT (ECF No. 184)**

On April 29, 2019, the decedent, Ryan McAuliffe, was a passenger on a helicopter tour operated by Defendant Novictor Aviation, LLC.

At approximately 8:52 a.m. Hawaii Standard Time ("HST"), on April 29, 2019, the Subject Helicopter departed for a sightseeing tour flight around the island of Oahu from the Daniel K. Inouye International Airport in Honolulu.

At approximately 9:10 a.m. HST, the Subject Helicopter crashed in Kailua, Hawaii, on the island of Oahu.  Ms. McAuliffe, the other passenger, and the pilot died as a result of the accident.

Plaintiffs Mirna and Thomas McAuliffe, Individually and as Co-Personal Representatives for the Estate of Ms. Ryan McAuliffe, filed suit against numerous parties, alleging multiple state law claims including negligence.

Plaintiffs' sole claim against the Defendant United States of America is a claim for negligence pursuant to the Federal Tort Claims Act.

Plaintiffs' claim against the Defendant United States of America is premised on purported failures by the Federal Aviation Administration ("FAA") in its oversight of Defendant Novictor Aviation, LLC, the tour helicopter operator.

Plaintiffs claim that the Honolulu Flight Standards District Office ("FSDO") was the FAA's local office that was responsible for overseeing Defendant Novictor Aviation, LLC, including its aircraft operations, licensing, and certifications.

Plaintiffs argue that the Honolulu FSDO did not comply with federal regulations in overseeing Defendant Novictor Aviation, LLC, its management, and its pilots.  Plaintiffs claim that the Honolulu FSDO inappropriately permitted Defendant Novictor Aviation, LLC to deviate from the requirements of the federal

regulations and FAA policies.

The Defendant United States of America admits that the FAA improperly permitted Nicole Vandelaar, the Chief Pilot for Defendant Novictor Aviation, LLC, to perform the competency check of the pilot prior to the accident in this case, even though she lacked both proper credentials and experience.  The Defendant United States of America acknowledges that the competency check of the pilot was not valid under federal regulations.

Despite its admissions, Defendant United States of America has moved for summary judgment.  Defendant United States of America requests that this Court determine that the FAA's acts or omissions in overseeing Defendant Novictor Aviation, LLC were not a substantial factor in the April 29, 2019 crash.

There are numerous questions of material fact that prevent summary judgment at this stage in the proceedings.  Causation of the crash and whether the FAA's lack of proper oversight was a substantial factor in the causation of the crash are questions of fact for trial.

Defendant United States of America's Motion for Summary Judgment (ECF No. 184) is **DENIED.**

## **PROCEDURAL HISTORY**

On April 20, 2021, Plaintiffs filed the Complaint.  (ECF No. 1).

On January 27, 2022, Plaintiffs filed the First Amended Complaint.  (ECF No. 79).

On February 20, 2024, the Defendant United States of America filed a Motion for Summary Judgment and a Concise Statement of Facts in Support of its Motion.  (ECF Nos. 184, 185).

On February 22, 2024, the Court issued a briefing schedule.  (ECF No. 186).

On March 5, 2024, Plaintiffs filed their Opposition and Concise Statement of Facts in Opposition to Defendant United States of America's Motion for Summary Judgment.  (ECF Nos. 193, 194).

On March 6, 2024, Plaintiffs filed an Errata.  (ECF No. 195).

On March 7, 2024, Defendant Theresita Terry Berridge filed a Statement of No Position as to the Defendant United States of America's Motion for Summary Judgment.  (ECF No. 197).

On March 19, 2024, the Defendant United States of America filed a Reply and a Concise Statement of Facts in Reply to Plaintiffs' Opposition.  (ECF Nos. 199, 200).

On March 20, 2024, the Court issued a Minute Order striking the Defendant United States of America's Concise Statement of Facts in Reply for failing to comply with the Local Rules for the District of Hawaii.  (ECF No. 206).  The Court granted the Defendant United States of America leave to file a Concise

Statement of Facts in Reply in conformity with the Rules.  (Id.)

On March 21, 2024, the Defendant United States of America filed its Concise Statement of Facts in Reply in response to the Court's Order.  (ECF No. 207).

On April 5, 2024, the Court held a hearing on Defendant United States of America's Motion for Summary Judgment.  (ECF No. 212).  The Court made an oral ruling denying Defendant United States of America's Motion for Summary Judgment at the hearing. This order provides the basis for the Court's oral ruling.

### BACKGROUND

**THE FOLLOWING FACTS ARE UNDISPUTED:**

**May 26, 2017 - Deviations Were Approved From The Federal Regulations By The FAA For Defendant Novictor Aviation, LLC**

On May 26, 2017, the Federal Aviation Administration ("FAA") allowed Defendant Novictor Aviation, LLC to deviate from federal regulations and policies regarding the requisite experience and management structure of its aviation operation. (May 26, 2017 Memorandum from FAA to HNL FSDO re: Novictor Aviation, LLC, attached as Ex. 3 to Pl.'s CSF in Opp., ECF No. 194-4).  The deviations were requested by the Honolulu Flight Standards District Office ("FSDO"), the FAA's local office that oversaw Defendant Novictor Aviation, LLC.  The deviations were as follows:

(1)  two deviations were approved from the experience

5

requirements for Defendant Novictor Aviation, LLC's Director of Operations and Chief Pilot positions; and

(2) one deviation was approved to combine the management positions of Director of Operations and Chief Pilot into one position.

(<u>Id.</u>)  The requested deviations were all for the purpose of authorizing Ms. Nicole L. Vandelaar to serve in one combined position without the requisite experience.  (<u>Id.</u>)  The three regulation deviations were approved by the FAA, which allowed Nicole Vandelaar to serve in a combined dual-role as Director of Operations and Chief Pilot for Defendant Novictor Aviation, LLC. (<u>Id.</u>)

The deviations contained a further limitation.  The FAA specified in its deviation approval that Ms. Vandelaar may not be assigned additional duties on top of her service as pilot in command (e.g. check airman, aircraft instructor, etc.)  (<u>Id.</u>)

Nicole Vandelaar was particularly prohibited from serving as either a check airman or an aircraft instructor for Defendant Novictor Aviation, LLC pursuant to the approved deviations. (Deposition of Tiffany Chitwood, Manager of HNL FSDO, at pp. 2-3, attached as Ex. 4 to Pl.'s CSF in Opp., ECF No. 194-5).

**<u>November 2, 2018 - FAA Revoked Defendant Novictor Aviation, LLC's General Aviation Authorization To Operate Pursuant To 14 C.F.R. Part 91</u>**

On October 25, 2018, the Honolulu FSDO sent Defendant Novictor Aviation, LLC a letter, stating that it was concerned

6

with its safety practices because it recently experienced two accidents and a third incident during tour operations with passengers on board.  (Oct. 25, 2018 Letter from FSDO to Novictor, attached as Ex. 5 to Pl.'s CSF in Opp., ECF No. 194-6). The Honolulu FSDO Manager, Tiffany Chitwood, requested a meeting to implement mitigation strategies.  (Id.)

On November 2, 2018, the Honolulu FSDO sent Defendant Novictor, LLC a follow-up letter.  The letter stated that following meetings on October 26, 2018 and November 2, 2018, the Honolulu FSDO determined that Defendant Novictor Aviation, LLC's mitigation efforts had not been implemented.  (Nov. 2, 2018 Letter from FSDO to Novictor, attached as Ex. 6 to Pl.'s CSF in Opp., ECF No. 194-7).

The November 2, 2018 letter stated that Defendant Novictor's Letter of Authorization pursuant to 14 C.F.R. Part 91, authorizing it to perform general aviation and non-commercial operations, was being revoked for cause.  (Id.)

The letter explained that the FSDO office "was not able to establish, with confidence, that [Defendant Novictor Aviation, LLC was operating] to the highest possible degree of safety in the public interest."  (Id.)

## November 20, 2018 - FAA Authorized Defendant Novictor Aviation, LLC To Operate Pursuant To 14 C.F.R. Part 135 And Approved Its Updated Management Structure

Eighteen days later, on November 20, 2018, the FAA allowed Defendant Novictor Aviation, LLC to operate to provide commercial on-demand operations with different management pursuant to 14 C.F.R. Part 135.  (Deposition of Nicole Vandelaar Battjes at pp. 2-3, attached as Ex. 2 to Pl.'s CSF in Opp., ECF No. 194-3).

As of November 20, 2018, the FAA approved Defendant Novictor Aviation, LLC's Part 135 authorization with Ms. Nicole Vandelaar serving in the single role of Chief Pilot.  Nicole Vandelaar's father, Jack Vandelaar, was approved to serve in the role of Director of Operations.  (FAA's Operation Specifications for Management Personnel for Defendant Novictor Aviation, LLC, attached as Ex. 10 to Pl.'s CSF in Opp., ECF No. 194-11).

## November 26, 2018 - FAA Authorized Nicole Vandelaar To Perform Competency Checks For Defendant Novictor Aviation, LLC Pilots

On November 26, 2018, the Honolulu FSDO on behalf of the FAA approved Nicole Vandelaar to conduct competency checks for Defendant Novictor Aviation, LLC pilots who were operating Robinson R-44 helicopters.  (Nov. 26, 2018 Letter from HNL FSDO to Jack Vandelaar, Director of Operations, Defendant Novictor Aviation, LLC, attached as Ex. H to Def.'s CSF, ECF No. 185-9).

8

## April 15, 2019 - Mr. Joseph Berridge Certified As A Pilot For Defendant Novictor Aviation, LLC

On approximately April 15, 2019, Joseph Berridge began employment as a pilot with Defendant Novictor Aviation, LLC. (Employee File for Joseph Berridge at p. 3, attached as Ex. C to Def.'s CSF, ECF No. 185-4).

On April 19, 2019, Defendant Novictor's Chief Pilot, Nicole Vandelaar, performed the competency check of Mr. Berridge. (Airman Competency/ Proficiency Check dated April 19, 2019, attached as Ex. F to Def.'s CSF, ECF No. 185-7).

## April 29, 2019 Accident

On April 29, 2019, approximately ten days after the pilot's competency check, the decedent, Ryan McAuliffe, was a passenger on a helicopter tour operated by Defendant Novictor Aviation, LLC and piloted by Mr. Berridge.  (Novictor Helicopters Accident Report dated May 3, 2019, signed by Nicole Vandelaar, attached as Ex. A to Def.'s Concise Statement of Facts, ECF No. 185-2).

At approximately 8:52 a.m. HST, on April 29, 2019, the Subject Helicopter departed for a sightseeing tour flight around the island of Oahu from the Daniel K. Inouye International Airport in Honolulu.  (Id. at p. 6).

At approximately 9:10 a.m. HST, the Subject Helicopter crashed in Kailua, Hawaii, on the island of Oahu.  (Id. at p. 1).

9

Ms. McAuliffe, the other passenger, and the pilot died as a result of the accident.  (Id.)

**Investigation Following April 29, 2019 Accident**

Following the April 29, 2019 accident, the FAA and National Transportation Safety Board conducted investigations into the crash.  On May 15, 2019, the Federal Aviation Administration sent Defendant Novictor Aviation, LLC a letter explaining that the pilot was not properly certified to operate the helicopter prior to the crash.

The May 15, 2019 letter explained that Defendant Novictor Aviation, LLC's Chief Pilot, Nicole Vandelaar, did not have the proper credentials to perform a competency check of Mr. Berridge despite being authorized by the FAA to conduct such check pursuant to its November 26, 2018 letter.  The May 15, 2019 letter from the FAA to Defendant Novictor Aviation, LLC stated as follows:

> Due to the recent accident that occurred on April 29, 2019 concerning aircraft registration number N808NV (Robinson R-44 aircraft conducting 14 CFR Part 135 Rotocraft on demand air carrier operations) personnel from the Honolulu Flight Standards District Office have inspected Ms. Nicole Vandelaar's check airman record and found that she lacked the FAA observation required by 14 CFR 135.339(a)(2) and conducted check airman activities without this requirement.  These activities conducted by Ms. Vandelaar subsequently invalidated the 14 CFR 135.293/299 evaluations of Mr. Joseph Berridge (that she conducted on 4/19/19) and John Corbett (that she conducted on 4/12/19).  Any and all 14 CFR 135 Passenger Carrying operations conducted by Mr. Berridge

and Mr. Corbett may be invalid.  These actions may be contrary to FAA regulations noted above.

(Letter from Federal Aviation Administration, Principal Operations Inspector Joseph Monfort, dated May 15, 2019, to Mr. Jack Vandelaar, Director of Operations, Novictor Aviation LLC, attached as Ex. 1 to Pl.'s CSF in Opp., ECF No. 194-2).

The Defendant United States of America admits that Nicole Vandelaar performed the competency check of the pilot in violation of federal regulations.

**THE REMAINING MATERIAL FACTS ARE IN DISPUTE:**

The Parties dispute the remaining material facts about the FAA, its Honolulu Flight Standards District Office, and their relationship, management, and oversight of Defendant Novictor Aviation, LLC.

Specifically, Plaintiffs allege the following in support of their positions that:

(1)   the FAA failed to enforce Defendant Novictor Aviation, LLC's compliance with federal regulations including improperly allowing deviations from regulations for Novictor, failing to oversee Novictor's management, not ensuring compliance of safety checks of its pilots, and failing to recognize that Nicole Vandelaar was not authorized to conduct pilot competency checks until after the April 29, 2019 accident;

(2)   the FAA improperly oversaw its own local office, the Honolulu Flight Standards District Office, which improperly influenced the FAA's decisions regarding Defendant Novictor Aviation, LLC's operations;

(3)   the FAA should not have permitted Defendant Novictor

Aviation, LLC to continue its commercial on-demand operations following the November 2018 revocation of Defendant Novictor Aviation, LLC's general aviation and non-commercial authorization due to its failures to properly implement safety measures;

(4) the FAA improperly approved Jack Vandelaar to serve as Defendant Novictor Aviation, LLC's Director of Operations in November 2018 even though it knew that he did not have the required knowledge, experience, or expertise.

Defendant United States of America disputes Plaintiffs' allegations and the factual basis for their positions.  (Compare Pl.'s CSF in Opp. ¶¶ 1-16 at pp. 5-7, ECF No. 194 and Def.'s CSF in Reply ¶¶ 1-16 at pp. 2-5, ECF No. 207).

Plaintiffs' negligence claim against the Defendant United States of America is premised on the purported failures of the FAA in overseeing Defendant Novictor Aviation, LLC.  There are questions of fact regarding whether the FAA breached its duties by allowing Novictor to operate following the November 2018 revocation, permitting Nicole Vandelaar to conduct competency checks, and allowing Jack Vandelaar to serve as Director of Operations.

Plaintiffs assert that the crash would not have occurred on April 29, 2019, if the FAA had properly overseen Defendant Novictor Aviation, LLC and not breached its duties.

Defendant United States of America admits that Nicole Vandelaar was not authorized to perform the competency check of the pilot prior to the April 29, 2019 crash.  Defendant seeks

12

summary judgment, however, because it argues that Plaintiffs cannot prove causation.  Causation is a question of fact for trial and cannot be ruled upon at the summary judgment stage.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  To defeat summary judgment "there must be sufficient 'evidence that a reasonable jury could return a verdict for the nonmoving party.'" Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof.  Celotex, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that

13

he or she is entitled to judgment as a matter of law.  That
burden is met by pointing out to the district court that there is
an absence of evidence to support the nonmoving party's case.
Id.

    If the moving party meets its burden, then the opposing
party may not defeat a motion for summary judgment in the absence
of probative evidence tending to support its legal theory.
Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282
(9th Cir. 1979).  The opposing party must present admissible
evidence showing that there is a genuine issue for trial.  Fed.
R. Civ. P. 56(c); Brinson v. Linda Rose Joint Venture, 53 F.3d
1044, 1049 (9th Cir. 1995).  "If the evidence is merely
colorable, or is not significantly probative, summary judgment
may be granted."  Nidds, 113 F.3d at 916 (quoting Anderson, 477
U.S. at 249-50).

    The court views the facts in the light most favorable to the
non-moving party.  State Farm Fire & Cas. Co. v. Martin, 872 F.2d
319, 320 (9th Cir. 1989).  Opposition evidence may consist of
declarations, admissions, evidence obtained through discovery,
and matters judicially noticed.  Fed. R. Civ. P. 56(c); Celotex,
477 U.S. at 324.  The opposing party cannot, however, stand on
its pleadings or simply assert that it will be able to discredit
the movant's evidence at trial.  Fed. R. Civ. P. 56(e); T.W.
Elec. Serv., 809 F.2d at 630.  The opposing party cannot rest on

14

mere allegations or denials.  Fed. R. Civ. P. 56(e); Gasaway v.
Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir.
1994).  "When the nonmoving party relies only on its own
affidavits to oppose summary judgment, it cannot rely on
conclusory allegations unsupported by factual data to create an
issue of material fact."  Hansen v. U.S., 7 F.3d 137, 138 (9th
Cir. 1993); see also Nat'l Steel Corp. v. Golden Eagle Ins. Co.,
121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

## I.   Federal Aviation Administration And Flight Standards District Offices

Congress has charged the Federal Aviation Administration
("FAA") with the responsibility to prescribe and enforce air
safety standards, including certification requirements for
aircrafts, pilots, airports, and airlines, in order to promote
safe flight of civil aircraft in air commerce.  49 U.S.C. §§
44701, 44702.

The FAA administers field offices throughout the United
States called "Flight Standards District Offices" ("FSDO") that
are responsible for overseeing aviation operations within their
jurisdictions and ensuring compliance with federal law and
regulations governing aviation operations. 49 U.S.C. § 44702; FAA
Flight Standards District Offices (FSDO), *available at*
https://www.faa.gov/about/office org/field offices/fsdo, (last

15

visited Apr. 30, 2024).

Local FSDO Office responsibilities include overseeing air carrier certification and operations, aircraft operational issues, airmen certifications and licensing for pilots and mechanics, certification and modification issues, and enforcement of air regulations.  Id.

There are more than 80 FSDO Offices throughout the United States.  Id.  Aviation operations within the State of Hawaii are overseen by the Honolulu Flight Standards District Office.  Id.

## II.  Federal Tort Claims Act

Plaintiffs' action against the Defendant United States of America is brought pursuant to the Federal Tort Claims Act ("FTCA").  The FTCA provides that the United States may be held liable for injury or wrongful death caused by the negligent act of any employee of the United States of America within the scope of his employment under circumstances where the United States of America, if a private person, could be responsible in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 1346(b).

Here, the alleged acts or omissions of the United States' employees occurred in the State of Hawaii.

Pursuant to the Federal Tort Claims Act, the Court applies Hawaii state substantive law and federal procedural law to

16

evaluate Plaintiffs' claim against the Defendant United States of America.  <u>Taylor v. United States</u>, 821 F.2d 1428, 1430 (9th Cir. 1987); <u>see</u> 28 U.S.C. §§ 1346, 2674.

The First Amended Complaint in Count X asserts a claim of negligence pursuant to Hawaii law against Defendant United States of America based on the acts and omissions of employees of the Federal Aviation Administration and the Honolulu Flight Standards District Office ("HNL FSDO").  (First Amended Complaint at pp. 37-42, ECF No. 79).

## III.  Cause Of Action – Negligence Pursuant To Hawaii State Law

Negligence under Hawaii law requires the Plaintiffs to establish by a preponderance of the evidence:

    (1)  a duty, or obligation, recognized by the law, requiring the defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks;

    (2)  a failure on the specific defendant's part to conform to the standard required;

    (3)  a causal connection between the conduct and the resulting injury to the plaintiff; and

    (4)  actual loss or damage resulting to the plaintiff.

<u>Molfino v. Yuen</u>, 339 P.3d 679, 682 (Haw. 2014).

### A.    Causation Under Hawaii Law

The Hawaii Supreme Court in <u>Mitchell v. Branch</u>, 363 P.2d 969, 973 (Haw. 1961) established the standard for causation in

17

negligence cases pursuant to Hawaii state law.

Under <u>Mitchell</u>, the defendant's conduct is a legal cause of harm to plaintiff if:

    (1)   the defendant's conduct is a substantial factor in bringing about the plaintiff's harm, and

    (2)   there is no rule of law relieving the defendant from liability because of the manner in which his negligence has resulted in the plaintiff's harm.

<u>Id.</u> (citing Restatement of Torts § 431).

### 1.   Substantial Factor

The first part of the <u>Mitchell</u> causation test involves a factual determination of whether the defendant's conduct was a substantial factor in bringing about the harm.  <u>O'Grady v. State of Hawaii</u>, 398 P.3d 625, 633 (Haw. 2017).

A substantial factor is one that a reasonable person would consider to have contributed to the harm.  <u>Id.</u>

"Substantial" does not require a defendant's negligence to have been the whole cause or the only factor in bringing about the harm.  <u>Knodle v. Waikiki Gateway Hotel, Inc.</u>, 742 P.2d 377, 386 (Haw. 1987).

Substantial "is not meant to serve as a significant burden to plaintiffs in establishing factual causation." <u>O'Grady</u>, 398 P.3d at 635.  The purpose of the substantial factor requirement is to preclude liability for injuries that are only tenuously connected to the defendant's conduct.  <u>Id.</u> at 636.

18

## 2.    Limitation On Causation Liability

The second part of the <u>Mitchell</u> causation test involves a legal determination of whether there is any rule of law relieving the actor from liability because of the manner in which the harm resulted from the conduct.  <u>Id.</u>

One of the most common rules that applies under the second prong is the rule with respect to superseding causes.  <u>Taylor-Rice v. State of Hawaii</u>, 979 P.2d 1086, 1102 (Haw. 1999).  A separate act that occurs after the defendant's culpable conduct will be considered a superseding cause that relieves the defendant of liability if the second act breaks the chain of causation.  <u>Id.</u>

## B.    Questions Of Fact Regarding Causation

Defendant United States of America moves for summary judgment, requesting that this Court determine prior to trial that the acts or omissions of the Federal Aviation Administration in overseeing Defendant Novictor Aviation, LLC were not a substantial factor in causing the crash that killed Ryan McAuliffe on April 29, 2019.

The Court is unable to determine causation at the summary judgment stage with material facts in dispute.  The Court cannot determine based on the numerous factual disputes in the record if any action by the Defendant United States was a "substantial

19

factor" in causing the crash or if its acts or omissions were only tenuously connected to the crash.  See O'Grady, 398 P.3d at 635-36.

Plaintiffs' theory of the case is that the FAA and its Local Honolulu Flight Standards District Office were negligent in their oversight of Defendant Novictor Aviation, LLC.  Plaintiffs argue that in allowing deviations and violations of federal regulations and in allowing Defendant Novictor Aviation, LLC to continue its operations following numerous accidents, the Defendant United States of America's actions were a substantial factor in the cause of the crash that killed Ms. McAuliffe on April 29, 2019.

First, the Defendant United States of America has already conceded that the FAA failed to properly oversee Defendant Novictor Aviation, LLC in certain respects.  Defendant admitted that Nicole Vandelaar should not have been permitted to conduct competency checks of pilots and was improperly certified by the FAA to conduct such checks.  (Compare Nov. 26, 2018 Letter from HNL FSDO to Jack Vandelaar, Director of Operations, Defendant Novictor Aviation, LLC, attached as Ex. H to Def.'s CSF, ECF No. 185-9 with Letter from FAA, Principal Operations Inspector Joseph Monfort, dated May 15, 2019, to Mr. Jack Vandelaar, Director of Operations, Novictor Aviation LLC, attached as Ex. 1 to Pl.'s CSF in Opp., ECF No. 194-2).

Second, Plaintiffs claim that prior accidents and incidents

involving Defendant Novictor Aviation, LLC in 2018 resulted in
the revocation of Novictor's authority to conduct general
aviation operations pursuant to 14 C.F.R. Part 91.  (Nov. 2, 2018
Letter from FSDO to Novictor, attached as Ex. 6 to Pl.'s CSF in
Opp., ECF No. 194-7).  Plaintiffs assert that despite this
November 2, 2018 partial revocation, the FAA and the Local HNL
FSDO employees negligently allowed Defendant Novictor Aviation,
LLC to continue to operate as commercial on-demand operators
pursuant to 14 C.F.R. Part 135 and did not properly oversee it or
require changes to mitigate further safety hazards.

Third, Plaintiffs claim that the FAA improperly permitted
Defendant Novictor Aviation, LLC to deviate from federal
standards by combining positions and waiving experience
requirements for Nicole Vandelaar.

Fourth, Plaintiffs claim that the FAA overlooked its
responsibilities with respect to its oversight of the management
of Defendant Novictor Aviation, LLC, including the approval of
Jack Vandelaar as Director of Operations.

Plaintiffs assert that in November 2018, Joseph Monfort, an
operations safety inspector at HNL FSDO, recommended that
Novictor not be approved to operate.  Specifically, Plaintiffs
claim that Mr. Monfort determined that Defendant Novictor's
Director of Operations, Jack Vandelaar, did not have the
experience, expertise, or training for the role yet was still

21

approved by the FAA and permitted to conduct operations.
(Deposition of Joseph Monfort at p. 3, attached to Pl.'s CSF in
Opp. at Ex. 7, ECF No. 194-8).

Plaintiffs argue that the combination of these acts and
omissions were a substantial factor in the cause of the crash.
Plaintiffs assert that the lack of oversight allowed Defendant
Novictor Aviation, LLC to operate despite prior accidents and
allowed the pilot of the helicopter to operate the helicopter
without a proper competency check.

When evaluating a motion for summary judgment, the Court
must view the facts and draw reasonable inferences in the light
most favorable to the party opposing summary judgment.  Scott v.
Harris, 550 U.S. 372, 380 (2007).  It is inappropriate for the
Court to weigh disputed evidence or engage in credibility
determinations in ruling on summary judgment.  In re Barboza, 545
F.3d 702, 707 (9th Cir. 2008).

Construing the record in the light most favorable to
Plaintiffs, there are questions of fact that prevent finding
summary judgment in favor of the Defendant at this stage of the
proceedings.

### C.   Expert Testimony About Causation

Under Hawaii law, a plaintiff is only required to provide
expert testimony to establish his prima facie case in limited

circumstances.  See Craft v. Peebles, 893 P.2d 138, 149 (Haw. 1995) (explaining that expert testimony is required to establish the applicable standard of care in a medical negligence case).

Expert testimony is not required in an ordinary negligence case.  Brown v. Clark Equip. Co., 618 P.2d 267, 272 (Haw. 1980); see also Barber v. Ohana Military Comm., LLC, Civ. No. 14-00217 HG-KSC, 2015 WL 4171984, *7 (D. Haw. July 9, 2015).

Defendant United States of America argues that Plaintiff has not provided sufficient expert testimony to support its case. The question of the sufficiency of the expert opinions is a question for the bench trial.  The District Court's gatekeeper role is different in a bench trial than in a jury trial.  United States v. Flores, 901 F.3d 1150, 1165 (9th Cir. 2018).  In a bench trial, the judge acts as both the gatekeeper and the factfinder.  The judge determines both the admissibility and the credibility of the expert evidence in a bench trial.  Id.

Plaintiffs have put forward an expert report from E. Bruce Hunt of H&S Aviation Safety Consultants, LLC, who provided his opinion that "the FAA administrator, FAA Hawaii FSDO management, and Novictor's management were substantial factors for the fatal accident that occurred on April 29, 2019."  (Expert Report of E. Bruce Hunt at p. 12, ECF No. 192-10).  Mr. Hunt provides detailed opinions regarding the acts and omissions of Nicole Vandelaar, various FAA personnel, FSDO employees, and Jack Vandelaar.  (Id.

23

at pp. 12-63).

Plaintiffs also provided the expert report of former FAA employee Rodney L. Doss.  (Expert Report of Rodney L. Doss at pp. 2-5, ECF No. 192-12).  Mr. Doss also concluded that "the failure of the FAA Honolulu FSDO to exercise ordinary care in performing their duties and responsibilities to protect passengers and the general public was a contributing cause of the crash of Novictor Aviation's helicopter, N808NV, on April 29, 2019."  (Id. at p. 5).

The questions regarding whether the FAA's purported failures were a substantial factor in causing the April 29, 2019 accident are questions for trial.  O'Grady, 398 P.3d at 632; see Wada v. Aloha King, LLC, 154 F.Supp.3d 981, 998-99 (D. Haw. 2015).

//

//

//

//

//

//

//

//

//

//

//

## CONCLUSION

Defendant United States of America's Motion for Summary Judgment (ECF No. 184) is **DENIED**.

DATED:  Honolulu, Hawaii, May 6, 2024.

IT IS SO ORDERED.



Helen Gillmor
United States District Judge

Mirna McAuliffe and Thomas McAuliffe, Individually and as Co-Personal Representative of the Estate of Ryan McAuliffe, deceased v. Robinson Helicopter Company, Inc.; Novictor Aviation, LLC, dba Novictor Helicopter, dba Rainbow Helicopters; United Helicopter Leasing, LLC; Theresita Terry Berridge, as Personal Representative of the Estate of Joseph Gilbert Berridge; United States of America; Doe Defendants 1-10, Civ. No. 21-00193 HG-WRP; **ORDER DENYING DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT (ECF No. 184)**