IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MIRNA MCAULIFFE and THOMAS MCAULIFFE, Individually and as Co-Personal Representatives of the Estate of RYAN MCAULIFFE, deceased,<br><br>             Plaintiffs,<br><br>     vs.<br><br>ROBINSON HELICOPTER COMPANY, INC.; NOVICTOR AVIATION, LLC, doing business as Novictor Helicopters also known as Rainbow Helicopters; UNITED HELICOPTER LEASING, LLC; THERESITA TERRY BERRIDGE, as Personal Representative of the Estate of Joseph Gilbert Edward Berridge; UNITED STATES OF AMERICA; Doe Defendants 1-10,<br><br>            Defendants. | CIV. NO. 21-00193 HG-WRP |

**ORDER GRANTING DEFENDANT ROBINSON HELICOPTER COMPANY, INC.'S MOTION FOR SUMMARY JUDGMENT (ECF No. 182)**

In 2000, Defendant Robinson Helicopter Company, Inc. ("Defendant Robinson Helicopter") manufactured a R-44 helicopter bearing serial number 0926 and Registration Number N808NV ("Subject Helicopter").

More than 18 years later, on April 29, 2019, the Subject Helicopter operated by Defendant Novictor Aviation, LLC crashed in Kailua, Hawaii, on the island of Oahu.  Ryan McAuliffe,

1

another passenger, and the pilot died as a result of the crash.

Plaintiffs Mirna McAuliffe and Thomas McAuliffe, the parents of the decedent Ryan McAuliffe, filed a First Amended Complaint against Defendant Robinson Helicopter and several other Defendants on behalf of themselves and as the co-personal representatives of the Estate of Ryan McAuliffe.

Plaintiffs assert state law claims for negligence, strict products liability, and failure to warn against Defendant Robinson Helicopter Company, Inc., the manufacturer of the Subject Helicopter.

Defendant Robinson Helicopter moves for summary judgment on all claims against it, relying on the 18-year statute of repose set forth in The General Aviation Revitalization Act of 1994 ("GARA"), Pub.L. No. 103-298, 108 Stat. 1552.

Defendant Robinson Helicopter Company, Inc.'s  Motion for Summary Judgment (ECF No. 182) is **GRANTED.**

## PROCEDURAL HISTORY

On April 20, 2021, Plaintiffs filed a Complaint. (ECF No. 1).

On July 26, 2021, Defendant Robinson Helicopter Company, Inc. filed an ANSWER. (ECF No. 39).  In its Answer, Defendant Robinson Helicopter Company, Inc. raised the defense of the statute of repose found in The General Aviation Revitalization

2

Act of 1994 ("GARA"), Pub.L. No. 103-298, 108 Stat. 1552. (ECF No. 39 at p. 23).

On January 27, 2022, Plaintiffs filed a FIRST AMENDED COMPLAINT. (ECF No. 79).

On February 20, 2024 Defendant Robinson Helicopter Company, Inc. filed a MOTION FOR SUMMARY JUDGMENT and a CONCISE STATEMENT OF FACTS. (ECF Nos. 182, 183).

On February 22, 2024, the Court issued the briefing schedule for the Motion. (ECF No. 186).

On March 5, 2024, Plaintiffs filed an OPPOSITION and a CONCISE STATEMENT OF FACTS in response to Defendant Robinson Helicopter Company, Inc.'s Motion for Summary Judgment. (ECF Nos. 191, 192).

On March 5, 2024, Defendants Novictor Aviation, LLC also known as Novictor Helicopters and Rainbow Helicopters along with United Helicopter Leasing, LLC filed a STATEMENT OF NO POSITION as to Defendant Robinson Helicopter Company, Inc.'s Motion for Summary Judgment. (ECF No. 189).

On March 7, 2024, Defendant Theresita Terry Berridge as Personal Representative of the Estate of Joseph Gilbert Edward Berridge filed a STATEMENT OF NO POSITION as to Defendant Robinson Helicopter Company, Inc.'s Motion for Summary Judgment. (ECF No. 196).

On March 19, 2024, Defendant Robinson Helicopter Company,

3

Inc. filed a REPLY and a second CONCISE STATEMENT OF FACTS as to
its Motion for Summary Judgment.  (ECF Nos. 204, 205).

On April 5, 2024, the Court held a hearing on Defendant
Robinson Helicopter Company, Inc.'s Motion for Summary Judgment.
(ECF No. 212).  The Court issued an oral ruling granting
Defendant Robinson Helicopter Company, Inc.'s Motion for Summary
Judgment.  (Id.)  This order provides the written basis for the
Court's oral ruling.

## BACKGROUND

**The Following Facts Are Not In Dispute:**

In 2000, Defendant Robinson Helicopter Company, Inc.
("Defendant Robinson Helicopter") manufactured a Robinson R-44
helicopter ("Subject Helicopter") bearing serial number 0926 and
Registration Number N808NV.  (Affidavit of Peter Riedl, Vice
President of Robinson Helicopter Company, Inc., ("Riedl Aff.") at
¶ 3, attached as Ex. 1 to Def.'s CSF, ECF No. 182-1).

On November 29, 2000, Defendant Robinson Helicopter sold the
Subject Helicopter to 44 Helicopter, Inc.  (Id.)

On December 7, 2000, the Subject Helicopter received a
Certificate of Airworthiness from the Federal Aviation
Administration ("FAA"). (Federal Aviation Administration
Certificate issued on December 7, 2000, for Robinson R-44 Serial
Number 0926, attached as Ex. A to Def.'s CSF, ECF No. 182-1).

4

The Subject Helicopter was a general aviation aircraft.  (Id.)

The following day, on December 8, 2000, the Subject Helicopter was delivered to 44 Helicopter, Inc. (Riedl Aff. at ¶ 3, ECF No. 182-1).

Defendant Robinson Helicopter did not possess the Subject Helicopter after it was delivered to 44 Helicopter, Inc. on December 8, 2000.  (Id. at ¶ 4).  Defendant Robinson Helicopter did not make any changes to the design of the Subject Helicopter after its delivery.  (Id.)

On December 14, 2018, more than 18 years after the Subject Helicopter was delivered, the main rotor hub and main rotor blades of the Subject Helicopter were replaced.  (Affidavit of Plaintiff's Mechanical Engineering Expert Donald E. Sommer, P.E., ("Sommer Aff.") at ¶ 11, ECF No. 192-1).

On April 29, 2019, the Subject Helicopter departed from the Daniel K. Inouye International Airport in Honolulu for a sightseeing air tour.  (National Transportation Safety Board Aviation Accident Factual Report Aviation, NTSB ID: WPR19FA123, attached as Ex. B to Def.'s CSF, ECF No. 182-1).

At approximately 9:10 a.m., the Subject Helicopter crashed causing the death of the pilot and the two passengers.  (Id.)

The Parties dispute the cause of the crash.

5

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  To defeat summary judgment "there must be sufficient 'evidence that a reasonable jury could return a verdict for the nonmoving party.'" Nidds v. Schindler Elevator Corp., 113 F.3d 912, 916 (9th Cir. 1997) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial.  The moving party need not produce any evidence at all on matters for which it does not have the burden of proof.  Celotex, 477 U.S. at 325.  The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  That burden is met by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Id.

6

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Nidds, 113 F.3d at 916 (quoting Anderson, 477 U.S. at 249-50).

The court views the facts in the light most favorable to the non-moving party. State Farm Fire & Cas. Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989). Opposition evidence may consist of declarations, admissions, evidence obtained through discovery, and matters judicially noticed. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The opposing party cannot, however, stand on its pleadings or simply assert that it will be able to discredit the movant's evidence at trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at 630. The opposing party cannot rest on mere allegations or denials. Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut. Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994). "When the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on

conclusory allegations unsupported by factual data to create an issue of material fact." Hansen v. U.S., 7 F.3d 137, 138 (9th Cir. 1993); see also Nat'l Steel Corp. v. Golden Eagle Ins. Co., 121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

The General Aviation Revitalization Act of 1994 ("GARA"), Pub.L. No. 103 298, 108 Stat. 1552, (codified as a note to 49 U.S.C. § 40101 Notes), is a statute of repose that limits liability of aircraft manufacturers of general aviation aircraft. Blazevska v. Raytheon Aircraft Co., 522 F.3d 948, 951 (9th Cir. 2008).

## STATUTE TEXT OF GARA

GARA provides, as follows:

> (a) IN GENERAL.— Except as provided in subsection (b), no civil action for damages for death or injury to persons or damage to property arising out of an accident involving a general aviation aircraft may be brought against the manufacturer of the aircraft or the manufacturer of any new component, system, subassembly, or other part of the aircraft, in its capacity as a manufacturer if the accident occurred—
>
> (1) after the applicable limitation period beginning on —
>
> (A) the date of delivery of the aircraft to its first purchaser or lessee, if delivered directly from the manufacturer; or

        (B)    the date of first delivery of the aircraft to a person engaged in the business of selling or leasing such aircraft; or

    (2)    with respect to any new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was added to, the aircraft, and which is alleged to have caused such death, injury, or damage, after the applicable limitation period beginning on the date of completion of the replacement or addition.

(b)    EXCEPTIONS.— Subsection (a) does not apply —

    (1)    if the claimant pleads with specificity the facts necessary to prove, and proves, that the manufacturer with respect to a type certificate or airworthiness certificate for, or obligations with respect to continuing airworthiness of, an aircraft or a component, system, subassembly, or other part of an aircraft knowingly misrepresented to the Federal Aviation Administration, or concealed or withheld from the Federal Aviation Administration, required information that is material and relevant to the performance or the maintenance or operation of such aircraft, or the component, system, subassembly, or other part, that is causally related to the harm which the claimant allegedly suffered;

    (2)    if the person for whose injury or death the claim is being made is a passenger for purposes of receiving treatment for a medical or other emergency;

    (3)    if the person for whose injury or death the claim is being made was not aboard the aircraft at the time of the accident; or

9

(4)   to an action brought under a written
      warranty enforceable under law but for
      the operation of this Act.

GARA § 2(a)-(b), PL 103-298, August 17, 1994, 108 Stat 1552.

## POLICY OF GARA'S STATUTE OF REPOSE

Congress enacted GARA to limit the "long tail of liability"
imposed upon manufacturers of general aviation aircraft.  Lyon v.
Agusta S.P.A., 252 F.3d 1078, 1084 (9th Cir. 2001) (citing H.R.
Rep. No. 103-525, pt. I, at 1-4 (1994)), reprinted in 1994
U.S.C.C.A.N. 1638, 1638-41).  Congress passed the law because it
was "deeply concerned about the enormous product liability costs"
suffered by aircraft manufacturers.  Id.

GARA's statute of repose generally bars suits against
aircraft manufacturers stemming from aircraft accidents that
occur more than 18 years after the initial transfer of an
aircraft by the manufacturer.  Est. of Kennedy v. Bell Helicopter
Textron, Inc., 283 F.3d 1107, 1111 (9th Cir. 2002).

Courts in the Ninth Circuit regularly enforce GARA's statute
of repose to bar suits against aircraft manufacturers brought
more than 18 years after the delivery of the aircraft.  See
Altseimer v. Bell Helicopter Textron Inc., 919 F.Supp.340, 342
(E.D. Cal. 1996) (finding plaintiff's claims were barred by
GARA's statute of repose); Brewer v. Dodson Aviation, 2006 WL
3231974, *8 (W.D. Wash. Nov. 7, 2006) (same), aff'd Brewer v.

<u>Parken Hannifin Inc.</u>, 298 Fed. Appx. 582, 583 (9th Cir. 2008).

GARA's statute of repose acts not just as an affirmative defense but instead "creates an explicit statutory right not to stand trial" for aircraft manufacturers. <u>Blazevska</u>, 522 F.3d at 951 (quoting <u>Est. of Kennedy</u>, 283 F.3d at 1110).

Here, there is no dispute that the Subject Helicopter was a general aviation aircraft that was delivered on December 8, 2000.

There is also no dispute that the April 29, 2019 accident occurred more than 18 years after the initial transfer of the aircraft in December 2000.

GARA's statute of repose precludes any claim against Defendant Robinson Helicopter unless an exception to the statute of repose applies.

## I.   **Exceptions to GARA At Issue Here**

There are two main exceptions to GARA at issue in this case. The <u>First</u> exception to GARA is its **Rolling Provision:**

Pursuant to Section 2(a)(2) of GARA, the 18-year limitations period restarts in certain circumstances following the aircraft's initial delivery where there is the replacement or addition of a new component, system, subassembly, or other part which replaced another component, system, subassembly, or other part originally in, or which was added to, the aircraft, and which is alleged to have caused the accident.  GARA § 2(a)(2).

11

### A.    The Rolling Provision of GARA

There are two aspects of the rolling provision that are required to be proven in order to restart the limitations period of GARA: (1) it has to be a new component or part that has been substantively altered from the original; and (2) the new substantively altered part or component has to be the cause of the accident.  GARA § 2(a)(2).

There is no dispute that more than 18 years have passed following the initial transfer of the Subject Helicopter that crashed in this case.  The Subject Helicopter was delivered by the manufacturer, Defendant Robinson Helicopters, on December 8, 2000.  The accident in this case took place more than 18 years later on April 29, 2019.

The Parties dispute whether the rolling provision of GARA applies to restart the limitations period following the December 8, 2000 initial delivery.  Plaintiffs argue that the GARA statute of repose should not be calculated from December 8, 2000, when the helicopter was initially delivered.  Rather, Plaintiffs argue that pursuant to the rolling provision of GARA in Section 2(a)(2), the limitations period restarted on December 14, 2018, when the main rotor hub and main rotor blades on the Subject Helicopter were replaced.

Pursuant to GARA in Section 2(a)(2), the addition of a new

12

component or part, in certain instances, may start a new 18-year period of repose running from the date of completion of the addition of that part of the aircraft.  Lyon, 252 F.3d at 1088. The change made by the new component or part, however, must have substantively altered the original aircraft and must have been the cause of the crash in order for the rolling provision exception to apply.  Caldwell v. Enstrom Helicopter Corp., 230 F.3d 1155, 1158 (9th Cir. 2000).

### 1.   In Design Defect Cases, The New Part Or Component Must Substantively Alter The Aircraft's Design

Installation of a new or replacement part alone does not automatically trigger the rolling provision of GARA.  Caldwell, 230 F.3d at 1158.

Here, there is no evidence that any replacement part was substantively altered such that the rolling provision of GARA applies.  There is no evidence that there was a change in design of the main rotor system following the initial delivery of the Subject Helicopter.

Mere replacement of component parts is insufficient to trigger the rolling provision of GARA.  Automatically extending the limitations term each time a part or component is replaced is contrary to both the text and the policy of the statute.  "If every time a critical component was overhauled, or even replaced, the statute of repose began anew thus permitting an individual to

13

sue for a design flaw, then the manufacturer of the aircraft would never be afforded the protection of the statute of repose." Robinson v. Hartzell Propeller Inc., 326 F.Supp.2d 631, 663 (E.D. Pa. 2004) (quoting Butchkosky v. Enstrom Helicopter Corp., 855 F.Supp. 1251 (S.D. Fla. 1993)).

The Ninth Circuit Court of Appeals has ruled that in order for a new 18-year limitations period to be triggered by the addition of a new or replacement component or part, the component or part must be "substantively altered" from the previous component or part.  Caldwell, 230 F.3d at 1158; see Holliday v. Extex, 457 F.Supp.2d 1112, 1119 (D. Haw. 2006).

In design defect cases, such as here, the design of the aircraft must have been substantively altered in order for the rolling provision exception to GARA's statute of repose to apply.

In LaHaye v. Galvin Flying Service, Inc., 144 Fed. Appx. 631, 633-34 (9th Cir. Aug. 9, 2005), the plaintiff brought a products liability claim against an aircraft manufacturer based on a design defect of a part that was replaced within 18-years of the aircraft's accident.  Id.  The plaintiff challenged the design of the aircraft, asserting that "the design of the trim actuator was defective because it required a mechanic to place the dust cover over the assembly before inserting the tire rod through the jackscrew eyelets."  Id. at 633.

The district court ruled that GARA's statute of repose

14

barred the plaintiff's claim because although certain components of the allegedly defectively designed trim actuator were recently replaced before the accident, the original design, which occurred more than 18 years prior to the accident, did not change and therefore did not trigger a new limitations period.  Id.

The plaintiff in LaHaye appealed the ruling to the Ninth Circuit Court of Appeals.  The Appellate Court agreed with the district court.  Id.  Relying on its prior published decision in Caldwell v. Enstrom Helicopter Corp., 230 F.3d 1155, 1158 (9th Cir. 2000), the Ninth Circuit Court of Appeals ruled that a new limitations period pursuant to GARA only applies where there has been a substantive alteration to the part that was alleged to have proximately caused the accident.  LaHaye, 144 Fed. Appx. at 633-34.

The Ninth Circuit Court of Appeals reasoned in LaHaye that when a plaintiff's claim is based on a design defect, the plaintiff must demonstrate that the design of the product was new or substantively revised in order to trigger a new limitations period under GARA.  Id.  The Appellate Court upheld the district court's ruling that "the replacement of certain components of the trim actuator...did not change the allegedly defective aspect of the trim actuator's design" and did not warrant a new 18-year limitations period under GARA § 2(a)(2).  Id.

Here, Plaintiffs' claim is that the original design of the

15

main rotor system, which was delivered in December 2000, caused the crash.  (First Amended Complaint at ¶¶ 58-59, ECF No. 79). Plaintiffs' Opposition acknowledges that their theory of the case is premised on the "defectively designed main rotor system." (Pl.'s Opp. at pp. 7-8, ECF No. 191).  Just as in LaHaye, the design in this case did not change within the 18-year statute of repose period.  The rolling provision of GARA does not apply here because the original design of the Subject Helicopter was not altered or revised within the 18-year repose period.  Mere replacement of component parts in the Subject Helicopter does not trigger a new limitations period because the designs of the replacement parts were not substantively altered.

Plaintiffs acknowledge that their case is premised on a design defect and not a manufacturing defect.  Plaintiffs' claim is that the design was flawed and the design caused the crash, not a defect in manufacturing of a replacement part.  (See Sommer Aff. at ¶¶ 10-12, ECF No. 192-1; Expert Report of Donald Sommer, attached as Ex. B to Pl.'s CSF in Opp. ("Sommer Report") at pp. 5-9, 25-26, ECF No. 192-3; Affidavit of E. Bruce Hunt at ¶ 4, attached to Pl.'s CSF in Opp., ECF No. 192-8; Expert Report of E. Bruce Hunt Report attached to Pl.'s CSF in Opp., ("Hunt Report") at pp. 11, 23, attached to Pl.'s CSF in Opp., ECF No. 192-10; Expert Report of Rodney Doss ("Doss Report") at pp. 15-16, ECF No. 192-12).

16

GARA's rolling provision does not apply in a design defect case where there is no evidence that the design was altered within the 18-year statute of repose.  LaHaye, 144 Fed. Appx. at 633-34; Caldwell, 230 F.3d at 1158.  Plaintiffs have not provided any evidence to demonstrate that a new component or part substantively altered the Subject Helicopter's design in order to trigger a new limitations period under GARA.  See Specter v. Texas Turbine Conversions, Inc., 519 F.Supp.3d 576, 587 (D. Alaska 2021).

> **2.    There Is No Evidence That Any Change In A Replacement Part Caused The Accident In This Case That Would Trigger The Rolling Provision To Apply**

Pursuant to Section 2(a)(2) of GARA, the rolling provision is triggered only where the replacement part is a substantial factor in causing the accident.  49 U.S.C.A. § 40101, Note, § 2(a)(2); Caldwell, 230 F.3d at 1156-57; see Theobald v. Piper Aircraft, Inc., 309 F.Supp.3d 1253, 1266 (S.D. Fla. 2018).  The revision itself must be the proximate cause of the accident in order for the rolling provision exception to apply.  Caldwell, 230 F.3d at 1158.

In this case, Plaintiffs' experts each allege that the original design of the main rotor system was a substantial factor in causing the subject accident.  Plaintiffs do not proffer any evidence that the April 29, 2019 accident was caused by

17

alterations made in the replacement parts.  Plaintiffs do not argue that the main rotor hub or the blades were different from the original design, that they were manufactured defectively, or that a revision in the replacement parts caused the crash.

The replacement of those parts alone is not enough to trigger a new period of repose where the parts themselves were not defective and the design was not substantively altered. Caldwell, 230 F.3d at 1158.  The policy of the statute of repose in GARA is to protect manufacturers from liability after the 18-year time period.  Id.  Only a revision or substantive alteration in the new component which is responsible for the crash allows for a new limitations term to apply.  Id.

Just as in LaHaye, the rolling provision of GARA does not apply in a design defect case, such as here, if there was no change to the design of the aircraft within the 18-year statute of repose.  The mere replacement of parts or components in the Subject Helicopter does not trigger GARA's rolling provision. LaHaye, 144 Fed. Appx. at 633; Theobald, 309 F.Supp.3d at 1266; Robinson, 326 F.Supp.2d at 663.

Second, GARA's **Knowing Misrepresentation Or Concealment Provision:**

Pursuant to Section 2(b)(1), GARA's statute of repose does not bar suit where the manufacturer knowingly misrepresented to the Federal Aviation Administration, or concealed or withheld

18

from the Federal Aviation Administration, required information that is material and relevant to the performance or the maintenance or operation of such aircraft or the part produced by the manufacturer.  GARA § 2(b)(1).

The purportedly misrepresented or concealed information must be causally related to the harm which the claimant allegedly suffered in order for the exception to apply.  Id.

### B.   In Order To Defeat The Motion For Summary Judgment, Plaintiffs Must Both Plead And Prove The Knowing Misrepresentation Or Concealment Provision of GARA

In order to establish an exception to GARA's statute of repose based on knowing misrepresentations or concealment to the Federal Aviation Administration, Plaintiffs must **both** (1) plead the knowing misrepresentation claim **and** (2) prove the claim.  49 U.S.C. § 40101 Notes, § 2(b)(1).

GARA sets forth the requirement as follows:

> [I]f the claimant pleads with specificity the facts necessary to prove, and proves, that the manufacturer with respect to a type certificate or airworthiness certificate for, or obligations with respect to continuing airworthiness of, an aircraft or a component, system, subassembly, or other part of an aircraft knowingly misrepresented to the Federal Aviation Administration, or concealed or withheld from the Federal Aviation Administration, required information that is material and relevant to the performance or the maintenance or operation of such aircraft, or the component, system, subassembly, or other part, that is causally related to the harm which the claimant allegedly suffered

49 U.S.C. § 40101 Notes, § 2(b)(1).

19

**1.   Plaintiffs' First Amended Complaint Did Not Plead
Any Facts To Establish Knowing Misrepresentation
Or Concealment By Defendant Robinson Helicopter**

The pleading requirement in Section 2(b)(1) of GARA mirrors
Federal Rule of Civil Procedure 9(b) which requires that parties
plead claims sounding in fraud with particularity under a
heightened pleading standard.  Croman Corp. v. Gen. Elec. Co.,
2006 WL 3201099, at *6 (E.D. Cal. Nov. 2, 2006) (citing Rickert
v. Mitsubishi Heavy Industries, Ltd., 923 F.Supp. 1453, 1456 (D.
Wyo. 1996)); Clark v. PHI, Inc., 2012 WL 3065429, *5 (E.D. La.
July 27, 2012).

To satisfy Rule 9(b), a pleading must identify the "who,
what, when, where, and how of the misconduct charged." Cafasso,
United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d
1047, 1055 (9th Cir. 2011).  Just as with claims of fraud,
knowing misrepresentation or concealment claims must include the
specific content of the false misrepresentations as well as the
identities of those making and receiving the misrepresentations.
See Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).

Plaintiffs' First Amended Complaint does not state a claim
for knowing misrepresentation, concealment, or withholding of
information from the Federal Aviation Administration pursuant to
Section 2(b)(1) of GARA.  (See First Amended Complaint, ECF No.
79).  The First Amended Complaint pleads only a claim for

20

Negligent Misrepresentation.  Such a claim is insufficient to state an exception to GARA's statute of repose in Section 2(b)(1).  Crouch v. Honeywell Int'l Inc., 720 F.3d 333, 344 (6th Cir. 2013).

Plaintiffs have not "plead *specific* facts, as required by § 2(b)(1), to support a claim that [the aircraft manufacturer] was responsible for knowing misrepresentation, concealment, or withholding of required information."  Id.; see also Croman Corp., 2006 WL 3201099, at *6; Clark, 2012 WL 3065429, at *5.

In a separate Order, the Court denied Plaintiffs' Motion to file a Second Amended Complaint in which Plaintiff failed to plead a knowing misrepresentation and concealment claim pursuant to GARA.

### 2. Plaintiffs Have Not Presented Any Evidence To Establish Knowing Misrepresentation Or Concealment By Defendant Robinson Helicopter That Would Be Required To Defeat The Motion For Summary Judgment

Even if Plaintiffs had properly pled a knowing misrepresentation or concealment claim, at the summary judgment stage, the Court construes the record in Plaintiffs' favor and there is nothing to warrant an exception to the statute of repose pursuant to Section 2(b)(1) of GARA.  Plaintiffs have not provided evidence necessary to establish any knowing misrepresentation or concealment by Defendant Robinson Helicopter that would provide an exception to the statute of repose.

In support of their knowing misrepresentation or concealment theory, Plaintiffs rely on three experts.  Plaintiffs do not point to any other evidence in support of their knowing misrepresentation or concealment claim.

None of Plaintiffs' three experts (Donald Sommer, P.E., Bruce Hunt, and Rodney Doss) point to a single instance with any specificity where any named officer, director, partner, or agent of Defendant Robinson Helicopter Company, Inc. had actual knowledge of a design defect of its R-44 helicopter and either misrepresented the information to or concealed it from the Federal Aviation Administration.  (See Sommer Affidavit, ECF No. 192-1; Sommer Report, ECF No. 192-3; Hunt Affidavit, ECF No. 192-8; Hunt Report, ECF No. 192-10; Doss Report, ECF No. 192-12).

Plaintiffs do not identify any evidence which shows Defendant Robinson Helicopter was made aware of a design defect and did not report it to the Federal Aviation Administration.  Additionally, Plaintiffs fail to identify any false statement that Defendant Robinson Helicopter made to the Federal Aviation Administration.

Each of Plaintiffs' experts state in general terms that they believe there has been a long history of R-44 crashes due to mast bumping.  None of the experts, however, have cited to any evidence that Defendant Robinson Helicopter officers, directors, partners, or agents knew that its R-44 helicopter design was

22

determined to be the cause of these unspecified accidents and had
made misrepresentations about it.  The reports merely make
conclusory allegations without providing any evidentiary basis.
See Theobald, 309 F.Supp.3d at 1262-63.

There is no reference to any other evidence that Defendant
Robinson Helicopter's personnel knowingly misrepresented or
concealed required information from the Federal Aviation
Administration following these purported accidents where the
design was allegedly the cause of the crashes.  (See Sommer
Expert Report at p. 5, attached as Ex. B to Pl.'s CSF in Opp.,
ECF No. 192-3; Hunt Affidavit at pp. 2-3, ECF No. 192-8; Doss
Report attached as Ex. A, ECF No. 192-12).

Plaintiffs' three expert reports and affidavits do not
provide information to support Plaintiffs' claims.  They fail to
demonstrate that Defendant Robinson Helicopter engaged in knowing
misrepresentation or concealment in its communications with the
Federal Aviation Administration that would support a Section
2(b)(1) exception under GARA.  See Theobald, 309 F.Supp.3d at
1262-63.

Expert assertions in affidavits, absent personal knowledge
or supporting evidence, are speculative and inadmissible.  Smith
v. Pac. Bell Tel. Co., Inc., 649 F.Supp.2d 1073, 1091 (E.D. Cal.
2009).  There are no citations to any findings by the National
Transportation Safety Board that the R-44 crashes were caused

solely by the design of the helicopter and that Defendant told the Federal Aviation Administration otherwise.  Plaintiffs' expert reports do not cite to a single example of Defendant Robinson or its agents making any misrepresentation about the R-44 crashes or concealing any information about those crashes.

Plaintiffs' general view that Defendant Robinson should have known or somehow had constructive knowledge of a design defect and should have made changes to its design is insufficient to support a knowing misrepresentation or concealment claim pursuant to GARA.  Theobald, 309 F.Supp.3d at 1260.

The knowing misrepresentation or concealment exception to GARA's statute of repose does not apply as Plaintiffs have failed to provide sufficient allegations and evidentiary support for it as required by the statute.  49 U.S.C. § 40101 Notes, § 2(b)(1) (explaining that an exception for GARA for knowing misrepresentation only applies if a plaintiff both "pleads" and "proves" such a claim).

## II.  GARA's Statute Of Repose Bars Plaintiffs' Claims Against Defendant Robinson Helicopter Company, Inc.

The Parties agree that the Subject Helicopter was a general aviation aircraft as defined by GARA.

There is no dispute that more than 18 years passed from the December 8, 2000 delivery of the Subject Helicopter to the April 29, 2019 accident.

24

As explained above, neither of the exceptions to GARA's statute of repose relied upon by Plaintiffs apply in this case.

First, GARA's rolling provision exception does not apply. The mere replacement of components does not trigger a new limitations period under GARA. Plaintiffs' design defect claim is barred because there is no evidence that the design of the Subject Helicopter was altered within the 18-year statute of repose. LaHaye, 144 Fed. Appx. at 633-34; Caldwell, 230 F.3d at 1158. Plaintiffs have not provided any evidence to demonstrate that any alteration to a replacement part was the cause of the accident that would allow for an exception to the statute of repose. LaHaye, 144 Fed. Appx. at 633-34.

Second, the knowing misrepresentation or concealment exception to GARA's statute of repose does not apply. Plaintiffs have failed to both plead and provide an evidentiary basis for such an exception as required by the statute. 49 U.S.C. § 40101 Notes, § 2(b)(1); Crouch, 720 F.3d at 344; Theobald, 309 F.Supp.3d at 1262-63.

Plaintiffs' claims against Defendant Robinson Helicopter are barred by GARA's 18-year statute of repose. LaHaye, 144 Fed. Appx. at 633; see Altseimer, 919 F.Supp. at 342; Brewer, 298 Fed. Appx. at 583.

## CONCLUSION

Defendant Robinson Helicopter Company, Inc.'s Motion for Summary Judgment (ECF No. 182) is **GRANTED.**

IT IS SO ORDERED.

Dated: May 6, 2024, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Mirna McAuliffe and Thomas McAuliffe, Individually and as Co-Personal Representative of the Estate of Ryan McAuliffe, deceased v. Robinson Helicopter Company, Inc.; Novictor Aviation, LLC, dba Novictor Helicopter, dba Rainbow Helicopters; United Helicopter Leasing, LLC; Theresita Terry Berridge, as Personal Representative of the Estate of Joseph Gilbert Berridge; United States of America; Doe Defendants 1-10, Civ. No. 21-00193 HG-WRP; **ORDER GRANTING DEFENDANT ROBINSON HELICOPTER COMPANY, INC'S MOTION FOR SUMMARY JUDGMENT (ECF No. 182)**

26