IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MIRNA MCAULIFFE and THOMAS MCAULIFFE, Individually and as Co-Personal Representatives of the Estate of Ryan McAuliffe, deceased,<br><br>        Plaintiffs,<br><br>     vs.<br><br>ROBINSON HELICOPTER COMPANY, INC.; NOVICTOR AVIATION, LLC, doing business as Novictor Helicopters, also known as Rainbow Helicopters; UNITED HELICOPTER LEASING, LLC; THERESITA TERRY BERRIDGE, as Personal Representative of the Estate of Joseph Gilbert Edward Berridge; UNITED STATES OF AMERICA; DOE DEFENDANTS 1-10,<br><br>        Defendants. | Civ. No. 21-00193 HG-WRP |

**ORDER DENYING PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER TO AMEND FIRST AMENDED COMPLAINT (ECF No. 187)**

On April 29, 2019, the Subject Helicopter operated by Defendant Novictor Aviation, LLC crashed in Kailua, Hawaii, killing the decedent Ryan McAuliffe.

Approximately two years later, on April 20, 2021, Plaintiffs filed the Complaint in this case.

Nearly five years after the crash and three years after filing the initial Complaint, Plaintiffs now seek to amend their

1

First Amended Complaint.

Plaintiffs move for leave to amend in order to plead an exception to the statute of repose found in the General Aviation Revitalization Act of 1994 ("GARA"). Plaintiffs' Motion is in response to a Motion for Summary Judgment filed by Defendant Robinson Helicopter Company, Inc. pursuant to GARA's statute of repose.

Plaintiffs have been aware of the defense of the statute of repose set forth in GARA for nearly three years. The defense was raised by Defendant Robinson Helicopter in its July 26, 2021 Answer. Plaintiffs were previously afforded an opportunity to amend their complaint in January 2022 but did not address the statute of repose in GARA in their First Amended Complaint filed on January 27, 2022.

Plaintiffs now wish to amend their pleading in order to respond to Defendant Robinson's Motion for Summary Judgment. Plaintiffs seek to include a claim against Defendant Robinson Helicopter asserting Robinson engaged in knowing misrepresentation and concealment in communications with the Federal Aviation Administration.

Plaintiffs' Motion to Amend the First Amended Complaint is untimely. Plaintiffs have not established good cause in order to amend the scheduling order pursuant to Fed. R. Civ. P. 16(b). Plaintiffs have not been diligent in pursuing their claim or in

2

seeking to amend the First Amended Complaint.

Additionally, Plaintiffs have not established that amendment is appropriate pursuant to Fed. R. Civ. P. 15.  Granting the Motion to Amend would be futile.  Plaintiffs' proposed Second Amended Complaint does not plead a claim for Fraudulent Misrepresentation and Concealment with sufficient particularity. Further, granting the Motion to Amend would unduly delay trial and would severely prejudice all the Defendants.

Plaintiffs' Motion to Amend Scheduling Order to Amend First Amended Complaint (ECF No. 187) is **DENIED.**

## PROCEDURAL HISTORY

On April 20, 2021, Plaintiffs filed the Complaint.  (ECF No. 1).

On July 26, 2021, Defendant Robinson Helicopter Company, Inc. filed its Answer.  (ECF No. 39).

On September 22, 2021, the Magistrate Judge issued the Rule 16 Scheduling Order.  (ECF No. 57).

On January 25, 2022, the Magistrate Judge issued a STIPULATION PERMITTING THE FILING OF PLAINTIFFS' FIRST AMENDED COMPLAINT AND ORDER.  (ECF No. 77).

On January 27, 2022, Plaintiffs filed the First Amended Complaint.  (ECF No. 79).

On March 8, 2022, the Magistrate Judge issued the FIRST

STIPULATION TO EXTEND TIME TO FILE EXPERT DISCLOSURES AND
DISPOSITIVE MOTIONS AND REQUEST FOR A SCHEDULING CONFERENCE AND
ORDER.  (ECF No. 85).

On May 19, 2022, the Magistrate Judge issued the First
Amended Rule 16 Scheduling Order.  (ECF No. 99).

On August 9, 2022, Plaintiffs filed a Motion for Extension
of Time to Complete Discovery.  (ECF No. 103).

On August 12, 2022, the Magistrate Judge granted Plaintiffs'
Motion for an Extension of Time to Complete Discovery and issued
the Second Amended Rule 16 Scheduling Order.  (ECF Nos. 105,
106).

On September 28, 2022, the Court granted Plaintiffs' request
for an additional continuance and issued the Third Amended Rule
16 Scheduling Order.  (ECF No. 110).

On July 19, 2023, the Court granted the Parties another
continuance and issued the Fourth Amended Rule 16 Scheduling
Order.  (ECF No. 126).

On October 23, 2023, the Court granted the Parties'
stipulation to extend the dispositive motions and discovery
deadlines and issued the Fifth Amended Rule 16 Scheduling Order.
(ECF No. 136).

On November 28, 2023, the Court granted another request from
Plaintiffs to extend the expert disclosure and discovery
deadlines and issued the Sixth Amended Rule 16 Scheduling Order.

4

(ECF No. 161).

On February 20, 2024, Defendant Robinson Helicopter Company, Inc. filed a Motion for Summary Judgment. (ECF No. 182).

On February 22, 2024, the Court issued a briefing schedule on the Motion for Summary Judgment. (ECF No. 186).

On March 4, 2024, Plaintiffs filed A MOTION TO AMEND SCHEDULING ORDER TO AMEND FIRST AMENDED COMPLAINT. (ECF No. 187).

On March 5, 2024, Plaintiffs filed an Opposition to Defendant Robinson Helicopter, Inc.'s Motion for Summary Judgment. (ECF No. 191).

On March 19, 2024, Defendant Robinson filed its Opposition to Plaintiffs' Motion to Amend. (ECF No. 203).

On the same date, Defendants Novictor Aviation, LLC and Theresita Terry Berridge filed Statements of No Position as to Plaintiffs' Motion to Amend. (ECF Nos. 201 and 202).

Also on March 19, 2024, Defendant Robinson filed its Reply to its Motion for Summary Judgment. (ECF No. 204).

On March 25, 2024, Plaintiffs filed their Reply to their Motion to Amend. (ECF No. 208).

On April 5, 2024, the Court held a hearing on Plaintiffs' Motion to Amend and Defendant Robinson Helicopter, Inc.'s Motion for Summary Judgment. (ECF No. 212). The Court made an oral ruling denying Plaintiffs' Motion to Amend. (Id.) This order

sets forth the written basis for the Court's oral ruling.

**STANDARD OF REVIEW**

**FED. R. CIV. P. 16**

A party that seeks leave to amend his or her pleading after the deadline for filing such a motion has passed must first establish that there is good cause to amend the scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4).  In re Western States Wholesale, 715 F.3d 716, 737 (9th Cir. 2013); Branch Banking & Tr. Co. v. D.M.S.I., LLC, 871 F.3d 751, 764 (9th Cir. 2017).

Rule 16(b)(4) provides that a scheduling order may be amended only "for good cause."  Fed. R. Civ. P. 16(b)(4).  Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment, the Rule 16(b)(4) good cause standard primarily considers the diligence of the party seeking the amendment.  Branch, 871 F.3d at 764 (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)).

**FED. R. CIV. P. 15**

If a party establishes good cause to amend the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4), the party is required to meet the federal pleading standard set forth in Iqbal and

<u>Twombly</u> (and Fed. R. Civ. P. 9 for claims for fraud) that would
allow for amendment of the pleading as set forth in Fed. R. Civ.
P. 15(a).

A party may amend its pleading before trial with the
opposing party's consent or the court's leave pursuant to Fed. R.
Civ. P. 15(a).  The rule states that the court should freely give
leave to amend when justice so requires.  Fed. R. Civ. P.
15(a)(2).  Courts consider bad faith, dilatory motive on the
movant's part, undue delay, prejudice to the opposing party, and
futility in reviewing a party's request to amend a pleading
pursuant to Rule 15(a).  <u>In re Morris</u>, 363 F.3d 891, 894 (9th
Cir. 2004).

## **ANALYSIS**

More than three years ago, on April 20, 2021, Plaintiffs
filed their Complaint involving the crash of a helicopter on
April 29, 2019.  Plaintiffs asserted several claims against
Defendant Robinson Helicopter Company, Inc. ("Defendant Robinson
Helicopter"), including a claim for Negligent Misrepresentation
and Omission/Failure to Warn.

In response to Plaintiffs' Complaint, on July 26, 2021,
Defendant Robinson Helicopter filed its Answer.  In its Answer,
Defendant Robinson Helicopter raised the affirmative defense that
Plaintiffs' claims against it were barred by the statute of
repose found in the General Aviation Revitalization Act of 1994

("GARA").

GARA provides, as follows:

(a)   IN GENERAL.— Except as provided in subsection (b),
no civil action for damages for death or injury to
persons or damage to property arising out of an
accident involving a general aviation aircraft may
be brought against the manufacturer of the
aircraft or the manufacturer of any new component,
system, subassembly, or other part of the
aircraft, in its capacity as a manufacturer if the
accident occurred—

   (1)   after the applicable limitation period
beginning on —

      (A)   the date of delivery of the aircraft to
its first purchaser or lessee, if
delivered directly from the
manufacturer; or

      (B)   the date of first delivery of the
aircraft to a person engaged in the
business of selling or leasing such
aircraft; or

   (2)   with respect to any new component, system,
subassembly, or other part which replaced
another component, system, subassembly, or
other part originally in, or which was added
to, the aircraft, and which is alleged to
have caused such death, injury, or damage,
after the applicable limitation period
beginning on the date of completion of the
replacement or addition.

(b)   EXCEPTIONS.— Subsection (a) does not apply —

   (1)   if the claimant pleads with specificity the
facts necessary to prove, and proves, that
the manufacturer with respect to a type
certificate or airworthiness certificate for,
or obligations with respect to continuing
airworthiness of, an aircraft or a component,
system, subassembly, or other part of an
aircraft knowingly misrepresented to the
Federal Aviation Administration, or concealed

8

> or withheld from the Federal Aviation
> Administration, required information that is
> material and relevant to the performance or
> the maintenance or operation of such
> aircraft, or the component, system,
> subassembly, or other part, that is causally
> related to the harm which the claimant
> allegedly suffered;
>
> (2)   if the person for whose injury or death the
>       claim is being made is a passenger for
>       purposes of receiving treatment for a medical
>       or other emergency;
>
> (3)   if the person for whose injury or death the
>       claim is being made was not aboard the
>       aircraft at the time of the accident; or
>
> (4)   to an action brought under a written warranty
>       enforceable under law but for the operation
>       of this Act.

GARA § 2(a)-(b), PL 103-298, August 17, 1994, 108 Stat 1552.

On January 27, 2022, Plaintiffs filed their First Amended Complaint. Plaintiffs' First Amended Complaint did not alter the claims against Defendant Robinson Helicopter or address the defense of GARA's statute of repose raised in Defendant Robinson Helicopter's Answer. Plaintiffs maintained their original claim against Defendant Robinson Helicopter for Negligent Misrepresentation and Omission/Failure to Warn.

Now, more than two years after filing their First Amended Complaint, Plaintiffs seek to change their theory of the case against Defendant Robinson Helicopter. Plaintiffs wish to amend their First Amended Complaint in order to assert a new claim for Knowing Misrepresentation and Concealment against Defendant

Robinson Helicopter.

### PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT IS UNTIMELY

As a preliminary matter, Federal Rule of Civil Procedure 16 governs Plaintiffs' Motion for Leave to Amend because the deadline to amend the pleadings closed over nineteen months ago. Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002).

A party may seek to amend its pleadings pursuant to the standard of Fed. R. Civ. P. 15 only if it files a motion to amend before the deadline set forth in the Rule 16 Scheduling Order. Id.

On August 12, 2022, the Magistrate Judge issued the Second Amended Rule 16 Scheduling Order. (ECF No. 106). The deadline for filing a Motion to Amend the Pleadings was set for August 31, 2022. (Id. at ¶ 2).

On February 20, 2024, Defendant Robinson Helicopter filed a Motion for Summary Judgment. (ECF No. 182). Defendant Robinson Helicopter's Motion seeks judgment in its favor, arguing that Plaintiffs' claims against it are barred pursuant to the statute of repose set forth in GARA. (Id.)

In response to Defendant Robinson Helicopter's Motion for Summary Judgment, on March 4, 2024, Plaintiffs filed a Motion seeking to amend the scheduling order to allow them to amend the

First Amended Complaint to plead an exception to the statute of repose in GARA.

The Court has granted numerous continuances since the deadline to amend the pleadings closed on August 31, 2022.  The case is currently set for trial to begin on June 25, 2024, pursuant to the Sixth Amended Rule 16 Scheduling Order.  (ECF No. 161).  The deadline for seeking amendment to the pleadings has been closed for more than 20 months.  Plaintiffs now seek to amend the pleadings less than three months before trial, nearly three years after the commencement of the lawsuit, and nearly five years after the April 19, 2019 crash at issue in this case.

In such instances, the party must comply with both Fed. R. Civ. P. 16(b)(4) and Fed. R. Civ. P. 15.  <u>First</u>, Plaintiffs must establish good cause to amend the scheduling order pursuant to Fed. R. Civ. P. 16(b)(4).  <u>Second</u>, Plaintiffs must meet the Rule 15 standard for amending the pleading.  <u>In re Western States Wholesale</u>, 715 F.3d 716, 737 (9th Cir. 2013).

## I.   Plaintiffs Have Not Established Good Cause To Amend The Scheduling Order Pursuant to Fed. R. Civ. P. 16(b)

The Rule 16(b) good cause inquiry focuses on the diligence of the party seeking to modify the scheduling order.  <u>Zivkovic</u>, 302 F.3d at 1087.  The pretrial schedule may be modified if the deadline could not have been reasonably met despite the diligence of the party seeking the extension.  <u>Id.</u> (citing <u>Johnson v.</u>

<u>Mammoth Recreations, Inc.</u>, 975 F.2d 604, 609 (9th Cir. 1992)).

Rule 16 is designed to prevent parties from benefitting from carelessness, unreasonability, or gamesmanship.  <u>Rigsbee v. City & Cnty. of Honolulu</u>, Civ. No. 17-532 HG-RT, 2019 WL 984276, *4 (D. Haw. Feb. 28, 2019).  Plaintiffs cite no authority for their position that they should be able to amend their complaint in order to "bolster their opposition to" a Motion for Summary Judgment.  (Pl.'s Motion at p. 2, ECF No. 187-1).

Diligence of the party seeking amendment is the critical issue in the good cause determination.  The diligence required for a showing of good cause has two parts:

(1)  diligence in discovering the basis for amendment; and

(2)  diligence in seeking amendment once the basis for amendment has been discovered.

<u>VLSI Tech. LLC v. Intel Corp.</u>, 2023 WL 2394539, at *2 (N.D. Cal. March 6, 2023) (citing <u>Positive Techs., Inc. v. Sony Elecs., Inc.</u>, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013)).

## A.   Diligence Standard - The Court Was Liberal In Granting Continuances Over A Period Of Three Years

Plaintiffs have not established diligence in either discovering the basis for amendment or in seeking amendment once the basis was discovered.

The Court has granted numerous continuances in the case and issued new scheduling orders four times since the Second Amended

12

Rule 16 Scheduling Order was issued by the Magistrate Judge on August 12, 2022.  (ECF No. 106).

First, on September 28, 2022, the Court issued the Third Amended Scheduling Order.  (ECF No. 110).

Second, on July 19, 2023, the Court issued the Fourth Amended Scheduling Order.  (ECF No. 126).

Third, on October 23, 2023, the Court issued the Fifth Amended Scheduling Order (ECF No. 136), and,

Fourth, on November 28, 2023, the Court issued the Sixth Amended Scheduling Order.  (ECF No. 161).

Plaintiffs never sought to amend the First Amended Complaint at any of the hearings on the four additional continuances since August 2022.  In addition to continuances of the trial date, Plaintiffs have been granted multiple continuances of the discovery deadline and their expert disclosure deadline.

## B.   Defendant Robinson Helicopter, Inc. Timely Raised The GARA Defense In Its July 26, 2021 Answer

GARA is a statute of repose that limits liability of aircraft manufacturers of general aviation aircraft in certain situations.  Blazevska v. Raytheon Aircraft Co., 522 F.3d 948, 951 (9th Cir. 2008).  It is commonly asserted as a defense by manufacturers in aircraft accident cases.  See Est. of Kennedy v. Bell Helicopter Textron, Inc., 283 F.3d 1107, 1112 (9th Cir. 2002); Croman Corp. v. Gen. Elec. Co., 2006 WL 3201099, at *6

13

(E.D. Cal. Nov. 2, 2006).

Congress enacted the statute to limit the "long tail of liability" imposed upon manufacturers of general aviation aircraft.  <u>Lyon v. Agusta S.P.A.</u>, 252 F.3d 1078, 1084 (9th Cir. 2001) (citing H.R. Rep. No. 103-525, pt. I, at 1-4 (1994), reprinted in 1994 U.S.C.C.A.N. 1638, 1638-41).  Congress passed the law because it was "deeply concerned about the enormous product liability costs" suffered by manufacturers.  <u>Id.</u>

GARA generally bars suits against aircraft manufacturers stemming from aircraft accidents that occurred more than 18 years after the initial transfer of an aircraft by the manufacturer. <u>Blazevska</u>, 522 F.3d at 951.

Defendant Robinson Helicopter timely asserted the defense of the statute of repose set forth in GARA more than two and a half years ago.  Defendant explicitly set forth the defense in its Answer to the original Complaint on July 26, 2021.  (Def. Robinson Answer at p. 23, ECF No. 39).  There can be no dispute that Plaintiffs had notice of the defense since at least July 2021.

### C. **Defendant Robinson Helicopter, Inc. Did Not Waive The Defense Of GARA**

Defendant Robinson Helicopter's July 26, 2021 Answer properly set forth the GARA statute of repose defense.

Defendant Robinson Helicopter was not required to file

another answer to respond to Plaintiffs' First Amended Complaint. KST Data, Inc. v. DXC Tech. Co., 980 F.3d 709, 715-16 (9th Cir. 2020). The GARA defense was never waived. Id.

**D. Plaintiffs Ignored Defendant Robinson Helicopter, Inc.'s GARA Defense**

Plaintiffs state in their Motion to Amend that although they had notice of the GARA defense, Plaintiffs ignored the defense because they "genuinely did not expect [Defendant Robinson Helicopter] to invoke GARA." (Pl.'s Motion at p. 6, ECF No. 187-1).

The Ninth Circuit Court of Appeals has explained that the statute of repose set forth in GARA is not merely an affirmative defense but instead "creates an explicit statutory right not to stand trial." Blazevska, 522 F.3d at 951 (quoting Estate of Kennedy, 283 F.3d at 1110).

Plaintiffs waited until after the dispositive motions deadline and the discovery deadline were closed to file their Motion to Amend. Plaintiffs only filed the Motion to Amend in response to Defendant Robinson Helicopter's Motion for Summary Judgment based on the statute of repose.

Plaintiffs have not provided good cause for their failure to pursue discovery relating to a GARA exception or to amend their complaint. Plaintiffs have not established diligence. They waited until after Defendant Robinson Helicopter filed a Motion

15

for Summary Judgment to seek to plead around the statute of
repose.

Plaintiffs have failed to establish good cause to amend the
scheduling order pursuant to Fed. R. Civ. P. 16.

## II.  Plaintiffs Have Not Established That Amendment Is Appropriate Pursuant to Fed. R. Civ. P. Rule 15(a)

Even if the Court were to find good cause to excuse
Plaintiffs' untimeliness pursuant to Fed. R. Civ. P. Rule 16,
Plaintiffs must also demonstrate that leave to amend their
pleading is warranted pursuant to Federal Rule of Civil Procedure
15(a).

Rule 15(a) policy favors amendment and is applied liberally
in the Ninth Circuit.  <u>Johnson</u>, 975 F.2d at 607.  The Rule
provides that permission to amend "should be granted unless
amendment would cause prejudice to the opposing party, is sought
in bad faith, is futile, or creates undue delay."  <u>Id.</u>

### A.  Limitation Of GARA's Statute Of Repose In Cases Of Knowing Misrepresentation By The Manufacturer

Plaintiffs seek to amend their First Amended Complaint in
order to plead an exception to GARA's statute of repose at issue
in this case pursuant to Section 2(b) of the Act.

Pursuant to Section 2(b)(1), GARA's statute of repose does
not bar recovery from the manufacturer if:

16

the claimant pleads with specificity the facts
necessary to prove, and proves, that the manufacturer
with respect to a type of certificate or airworthiness
certificate for, or obligations with respect to
continuing airworthiness of, an aircraft or a
component, system, subassembly, or other part of an
aircraft knowingly misrepresented to the Federal
Aviation Administration, or concealed or withheld from
the Federal Aviation Administration, required
information that is material and relevant to the
performance or the maintenance or operation of such
aircraft, or the component, system, subassembly, or
other party, that is causally related to the harm which
the claimant allegedly suffered.

GARA § 2(b)(1), Pub. Law 103-298 (1994).


**B.    Plaintiffs' Proposed Amendment Does Not Plead An
Exception To GARA's Statute Of Repose For Knowing
Misrepresentation Pursuant To GARA § 2(b)(1)**

Plaintiffs seek to amend the First Amended Complaint to

plead a claim for Knowing Misrepresentation or Concealment as set

forth as an exception to the statute of repose found in Section

2(b)(1) of GARA.


**1.    Plaintiffs' Knowing Misrepresentation Claim Is
Subject To The Heightened Pleading Standard Set
Forth In Fed. R. Civ. P. 9(b)**

Plaintiffs' redlined Proposed Second Amended Complaint

purports to add a claim for "Misrepresentation and Concealment/

Failure to Warn" ("Knowing Misrepresentation Claim") against

Defendant Robinson Helicopter.  (Proposed Second Amended

Complaint at p. 19, attached to Pl.'s Motion to Amend, ECF No.

187-3).

Numerous courts have ruled that Knowing Misrepresentation Claims pursuant to Section 2(b)(1) of GARA must be pled with particularity and must meet the heightened pleading standard set forth in Fed. R. Civ. P. 9(b).  Croman Corp., 2006 WL 3201099, at *6; see Clark v. Phi, Inc., 2012 WL 3065429, at *5 (E.D. La. July 27, 2012).

A complaint asserting a claim subject to Rule 9(b) must identify the "who, what, when, where, and how of the misconduct charged."  Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011).

Such claims premised on fraud must include the specific content of the false misrepresentations as well as the identities of those making and receiving the misrepresentations.  See Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007).

## 2.   Plaintiffs' Proposed Amendment Does Not Comply With The Rule 9 Heightened Pleading Standard

Plaintiffs' Proposed Second Amended Complaint does not identify the who, what, when, where, or how of the alleged misrepresentations made by Defendant Robinson Helicopter to the Federal Aviation Administration.  Cafasso, 637 F.3d at 1055.

Plaintiffs' proposed amendment states that, "On and prior to April 29, 2019, and all times material, Defendant Robinson misrepresented to the FAA and NTSB that in flight break ups were 'solely' caused by inappropriate pilot imputs."  (Proposed Second

18

Amended Complaint at ¶ 73, p. 21, ECF No. 187-3).

Plaintiffs' proposed amendment does not specify which individuals from Defendant Robinson made alleged misrepresentations or to whom the misrepresentations were made at the FAA or NTSB.

Plaintiffs' proposed amendment fails to specify the names, places, or times of any alleged accidents about which Defendant Robinson Helicopter purportedly made misrepresentations or concealed required information to the FAA.

The Proposed Second Amended Complaint also provides no specific dates on which any alleged misrepresentations purportedly occurred.

Plaintiffs' general and conclusory statements that misrepresentations were made by the Defendant entity are insufficient to state a claim under Rule 9(b).  See Kaiser v. Imperial Oil of N.D., 2024 WL 626423, *12 (D. Mont. Feb. 14, 2024).

As the Proposed Second Amended Complaint fails to state a claim upon which relief may be granted, allowing Plaintiffs leave to amend to file the conclusory Second Amended Complaint would be futile.  Crouch v. Honeywell Intern., Inc., 720 F.3d 333, 344 (6th Cir. 2013); see In re Fritz Companies Securities Lit., 282 F.Supp.2d 1105, 1111 (N.D. Cal. 2003).

**C.    Amendment Would Also Prejudice Defendants**

In addition to futility, amendment in this case is not
warranted because it would prejudice the Defendants and delay
trial.  Additional discovery would be needed to establish or
defend a claim for knowing misrepresentation or concealment as to
Defendant Robinson Helicopter.  Rickert v. Mitsubishi Heavy
Indus., Ltd., 929 F.Supp. 380, 384 (D. Wyo. 1996) (ordering
additional discovery on knowing misrepresentation pursuant to
GARA); see also Robinson v. Hartzell Propeller Inc., 326
F.Supp.2d 631, 654-55 (E.D. Pa. 2004) (setting forth the evidence
needed to evaluate a knowing misrepresentation claim pursuant to
GARA).

The Ninth Circuit Court of Appeals has explained that
reopening discovery, and therefore delaying the proceedings,
results in prejudice and is a reason for the denial of a untimely
motion to amend pleadings.  Lockheed Martin Corp. v. Network
Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (citing
Solomon v. N. Am. Lift And Cas. Inc. Co., 151 F.3d 1132, 1139
(9th Cir. 1998)).

Plaintiffs' Motion to Amend the Scheduling Order, in order
to allow Plaintiffs to file a Second Amended Complaint would
cause prejudice to the Defendants, is futile, and would create
undue delay.  Johnson, 975 F.2d at 607.

20

**CONCLUSION**

Plaintiffs' Motion to Amend Scheduling Order to Amend First Amended Complaint (ECF No. 187) is **DENIED.**

DATED: Honolulu, Hawaii, May 8, 2024.

IT IS SO ORDERED.

Helen Gillmor
United States District Judge

Mirna McAuliffe and Thomas McAuliffe, Individually and as Co-Personal Representatives of the Estate of Ryan McAuliffe, deceased v. Robinson Helicopter Company, Inc.; Novictor Aviation, LLC, dba Novictor Helicopters, dba Rainbow Helicopters; United Helicopter Leasing, LLC; Theresita Terry Berridge, as Personal Representative of the Estate of Joseph Gilbert Berridge; United States of America; Doe Defendants 1-10, Civ. No. 21-00193 HG-WRP
**ORDER DENYING PLAINTIFFS' MOTION TO AMEND SCHEDULING ORDER TO AMEND FIRST AMENDED COMPLAINT (ECF No. 187)**

21